## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

HELMERICH & PAYNE
INTERNATIONAL DRILLING CO. and
HELMERICH & PAYNE DE
VENEZUELA C.A.,

                    Plaintiffs,

vs.

BOLIVARIAN REPUBLIC OF
VENEZUELA, PETRÓLEOS DE
VENEZUELA, S.A., and PDVSA
PETRÓLEO, S.A.,

                    Defendants.

Case No. 1:11-cv-01735-CRC

## JOINT STATUS REPORT

On August 12, 2015, this Court ordered the parties to submit a joint status report setting

forth the "remaining issues currently before this Court."  The parties' joint response follows.

**Background**:  On September 23, 2011, Plaintiffs Helmerich & Payne International

Drilling Co. (H&P-IDC) and Helmerich & Payne de Venezuela, C.A. (H&P-V) (collectively,

Plaintiffs) filed suit against the Bolivarian Republic of Venezuela (Venezuela), Petróleos de

Venezuela, S.A. (PDVSA), and PDVSA Petróleo, S.A. (Petróleo) (collectively, Defendants).

Dkt. No. 1.  Plaintiffs brought suit pursuant to the Foreign Sovereign Immunities Act (FSIA), 28

U.S.C. § 1601 *et seq*., advancing claims for breach of contract under the FSIA's commercial

activities exception, and for a taking in violation of international law under the FSIA's

expropriation exception.  *Id*.

On August 31, 2012, Defendants moved to dismiss Plaintiffs' Complaint on a number of

grounds, including sovereign immunity and the act-of-state doctrine.  Dkt Nos. 22-24.

Defendants' motions to dismiss raised factual issues with respect to certain grounds, and plaintiffs sought discovery with respect to those issues.  Ultimately, the parties stipulated (and the Court ordered) that briefing on the motions be bifurcated.  Dkt. No. 36.  Pursuant to the Stipulation and Order, four threshold legal issues raised in Defendants' motions were designated for a first round of briefing ("Initial Issues"):

> (A) Whether, for purposes of determining whether a "taking in violation of international law" has occurred under the expropriation exception of the Foreign Sovereign Immunities Act (FSIA), 28 U.S.C. § 1605(a)(3), Plaintiff Helmerich & Payne de Venezuela C.A. is a national of Venezuela under international law;

> (B) Whether Plaintiffs' expropriation claims are barred by the act of state doctrine, including the issue whether this defense may be adjudicated prior to the resolution of Defendants' challenges to the Court's subject matter jurisdiction;

> (C) Whether, for purposes of determining the applicability of the commercial activities exception of the FSIA, 28 U.S.C. § 1605(a)(2), Plaintiffs have sufficiently alleged a "direct effect" in the United States within the meaning of that provision; and

> (D) Whether Plaintiff Helmerich & Payne International Drilling Co. has standing.

*Id*. at iii.

The parties stipulated, and the Court ordered, that the parties would "rely on no factual evidence, apart from the allegations of the complaint and documents referenced therein, and no arguments based upon such evidence, in connection with the resolution of the Initial Issues." *Id*. The parties reserved argument "on the additional issues raised in the motions to dismiss (the ownership or operation of the expropriated assets, application and enforceability of what Defendants refer to as a forum selection clause, and *forum non conveniens* (hereafter "Additional Issues")) until a second phase of briefing on the motions to dismiss." *Id*.

On September 20, 2013, this Court entered an order granting in part and denying in part the motions to dismiss.  The Court: (A) held that H&P-IDC has standing to assert a claim for

expropriation of the property at issue in violation of international law; (B) concluded that H&P-V cannot assert a claim for expropriation in violation of international law because it is a national of Venezuela for these purposes; (C) declined to reach the merits of Defendants' act-of-state argument at this stage in the proceedings; and (D) held that Plaintiffs have sufficiently alleged a "direct effect" in the United States within the meaning of the FSIA commercial activities exception. Dkt. Nos. 55 (Memorandum Opinion) and 56 (Order). In accordance with those holdings, the Court denied the motion to dismiss the expropriation claim as to H&P-IDC and denied the motion to dismiss H&P-V's breach-of-contract claim under the commercial activities exception. It also dismissed the expropriation claim as to H&P-V.

On May 1, 2015, the D.C. Circuit issued an opinion (A) affirming the District Court's denial of Venezuela's motion to dismiss H&P-IDC's expropriation claim; (B) reversing the District Court's grant of Venezuela's motion to dismiss H&P-V's expropriation claim, thereby reinstating that claim; (C) declining pendent jurisdiction over the District Court's decision not to reach Defendant-Appellants' assertion of the Act of State doctrine as a defense to Plaintiffs-Appellees' expropriation claims; and (D) reversing the denial of the PDVSA Defendants motion to dismiss H&P-V's breach of contact claims, thereby dismissing that claim.

Defendant-Appellants subsequently sought rehearing and rehearing en banc. The D.C. Circuit denied those petitions on July 30, 2015. On August 5, 2015, Defendant-Appellants filed a motion in the D.C. Circuit to stay issuance of the mandate while Defendant-Appellants seek *certiorari*. Plaintiff-Appellees opposed the motion on August 20, 2015. The motion was denied by the D.C. Circuit on August 25, 2015. Defendants intend to file an application for a stay to the Supreme Court. Pursuant to Rule 41(b) of the Federal Rules of Appellate Procedure, the mandate issues on September 1, 2015.

**Current Status**:  Until the mandate issues, the D.C. Circuit retains jurisdiction over this case.

**Remaining Issues**:  The parties agree that, upon issuance of the mandate, two issues—both raised in Defendants' 2012 motions to dismiss, Dkt. Nos. 22-24—will be before this Court for further litigation and subsequent resolution:

1. Whether the "property or any property exchanged for such property is owned or operated by an agency or instrumentality of the foreign state and that agency or instrumentality is engaged in a commercial activity in the United States."  28 U.S.C. § 1605(a)(3).  With respect to this issue, Defendants asserted in their motions to dismiss that, contrary to the allegations of the Complaint, the expropriated property has been and continues to be operated by a separate entity (PDVSA Servicios Petróleros, S.A. ("PDVSA Servicios Petróleros")), not by the PDVSA Defendants, and that PDVSA Servicios Petroleros is not an agency or instrumentality of a foreign state and does not conduct commercial activity in the United States.  The parties agree that those issues require the resolution of disputed jurisdictional facts and therefore jurisdictional discovery.

2. Whether the second prong of § 1605(a)(3) applies to Venezuela.

3. Whether the Act of State doctrine applies and prevents this Court's consideration of the expropriation claim.

The parties further agree that the following issues, which were also raised in Defendants' motions to dismiss, have been mooted in light of the Court of Appeals' disposition of the appeal: (i) Defendants' assertion of a *forum non conveniens* defense; and (ii) the issue related to what

Defendants contend is a forum selection clause in the contracts between the PDVSA Defendants and H&P-V.  Dkt. No. 36 at iii.

The parties disagree as to whether any additional issues remain pending or may be raised with this Court prior to the reaching the merits.

*Plaintiffs' Position:*  Plaintiffs do not believe that any other jurisdictional or threshold issues remain pending or may be raised before reaching the merits.

Plaintiffs believe that Defendants are incorrect in their assertion that there is a live jurisdictional issue regarding (1) "whether the expropriation of H&P-V's assets was motivated by discriminatory animus towards the foreign nationality of H&P-V's sole shareholder, H&P-IDC" or (2) "whether H&P-IDC suffered a loss of control over H&P-V as a result of the expropriation." *Infra*.  Defendants stipulated to have those issues "adjudicated solely on the basis of the Plaintiffs' allegations (including the materials attached as exhibits or referenced in the complaint), assuming the truth of all well-pleaded factual allegations in the complaint, and construing the complaint in the light most favorable to Plaintiffs."  Dkt. No. 36 at ii-iii; *see also id.* at iii ("The parties stipulate that they shall rely on no factual evidence, apart from the allegations of the complaint and documents referenced therein, and no arguments based upon such evidence, in connection with the resolution of [those issues].").  The D.C. Circuit has considered and conclusively decided both issues for jurisdictional purposes, holding that "H&P-V has satisfied this Circuit's forgiving standard for surviving a motion to dismiss in an FSIA case" with respect to its discriminatory taking claim, Op. at 12; and that "[u]nder these circumstances, H&P-IDC has 'put its rights in property in issue in a non-frivolous way.'  No more is required to survive a motion to dismiss under the FSIA," *id.* at 17 (internal citations omitted).

Plaintiffs believe that Defendants are likewise incorrect in asserting that an issue remains to be adjudicated regarding whether PDVSA or Petróleo "are engaged in commercial activity in the United States." *Infra.* PDVSA and Petróleo have waived the issue. *See Agudas Chasidei Chabad of U.S. v. Russian Fed'n*, 528 F.3d 934, 942 & n.4 (D.C. Cir. 2008).

*Defendants' Position:* Defendants believe that, in addition to the issues described above, the following jurisdictional issues remain pending:

> (1)     For purposes of determining whether this Court has jurisdiction under the expropriation exception of the FSIA with respect to H&P-V's expropriation claim, whether the expropriation of H&P-V's assets was motivated by discriminatory animus towards the foreign nationality of H&P-V's sole shareholder, H&P-IDC; and
>
> (2)     For purposes of determining whether this Court has jurisdiction under the expropriation exception of the FSIA with respect to H&P-IDC's expropriation claim, whether H&P-IDC suffered a loss of control over H&P-V as a result of the expropriation.
>
> (3)     Whether PDVSA and Petróleo are engaged in commercial activity in the United States.

The foregoing list of issues is not exhaustive.  Defendants reserve their right to pursue any other defenses and to appeal a decision.

**Proposed Schedule**:

*Plaintiffs' Position:* Plaintiffs propose the schedule reflected in Appendix A.

*Defendants' Position:*  Defendants believe that it is inappropriate to establish a schedule at this time and object to Plaintiffs' proposed schedule.  Plaintiffs' proposal does not provide for any time to resolve discovery disputes.  It provides an insufficient amount of time for the Defendants, who are foreign states, to comply with Plaintiffs' discovery requests.  And it does not provide Defendants with an opportunity to file additional motion papers.  Furthermore,

Defendants believe that it is premature at this time to set up a schedule, particularly since the parties do not agree on the jurisdictional issues that remain before this Court.  Motion practice may be necessary to resolve that issue.  Therefore, once the mandate is issued, Defendants propose that this Court order a status conference.

Dated: August 26, 2015                                          Respectfully submitted,


**HOGAN LOVELLS US LLP**

By: /s/ William L. Monts III [by permission]
William L. Monts III (D.C. Bar No. 428856)
555 Thirteenth Street, NW
Washington, DC 20004-1009
Tel.: (202) 637-5600
Fax: (202) 637-5910
Email: william.monts@hoganlovells.com


-and-

Bruce D. Oakley (D.C. Bar No. TX0102)
700 Louisiana Street, Suite 4300
Houston, Texas 77002
Tel. (713) 632-1400
Fax: (713) 632-1401
Email: bruce.oakley@hoganlovells.com

*Attorneys for Defendant*
*Bolivarian Republic of Venezuela*

**CURTIS, MALLET-PREVOST,**
   **COLT & MOSLE LLP**

By: /s/ Joseph D. Pizzurro [by permission]
Joseph D. Pizzurro, Esq. (D.C. Bar No. 468922)
1717 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Tel.: (202) 452-7373
Fax: (202) 452-7333
Email: jpizzurro@curtis.com

**WILMER CUTLER PICKERING**
   **HALE AND DORR LLP**

By:  /s/ David W. Ogden
David W. Ogden (D.C. Bar No. 375951)
David W. Bowker (D.C. Bar No. 989309)
Elisebeth B. Collins (D.C. Bar No. 479592)
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Tel.: (202) 663-6000
Fax: (202) 663-6363
E-mail: david.ogden@wilmerhale.com

*Attorneys for Plaintiffs*

*Of Counsel:*
Robert B. García, Esq. (*pro hac vice*)
101 Park Avenue
New York, New York 10178
Tel.: (212) 696-6000
Fax: (212) 697-1559
Email: robert.garcia@curtis.com

*Attorneys for Defendants Petróleos de*
*Venezuela, S.A. and PDVSA Petróleo, S.A.*

**Appendix A (Plaintiffs' Proposed Schedule)**

| | |
|---|---|
| Service of revised discovery | Within 30 days of issuance of mandate |
| Objections/Responses to discovery | Within 30 days from service of discovery |
| Document production | Within 45 days (75 days from service) |
| Close of jurisdictional discovery (including deposition of Defendants' expert declarant) | Within 75 days (150 days from service) |
| Opposition to Defendants' Motions to Dismiss | Within 60 days (210 days from service) |
| Discovery, as necessary, with respect to Plaintiffs' fact and expert declarants | Within 30 days (240 days from service) |
| Defendants' Replies to Plaintiffs' Opposition | Within 30 days (270 days from service) |
| Evidentiary hearing | Within 60 days (330 days from service) |