**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| HELMERICH & PAYNE INTERNATIONAL DRILLING CO. and HELMERICH & PAYNE DE VENEZUELA C.A.,<br><br>　　　　　　　Plaintiffs,<br>vs.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA, PETRÓLEOS DE VENEZUELA, S.A., and PDVSA PETRÓLEO, S.A.,<br><br>　　　　　　　Defendants. | Case No. 1:11-cv-01735-CRC |

## PDVSA DEFENDANTS' STATUS REPORT

On December 7, 2018, this Court ordered the parties to submit either a joint status report or, if the parties could not reach agreement, competing proposals setting forth the "status of the case and a proposal for continued proceedings in this Court." Counsel for Defendants Petróleos de Venezuela, S.A. and PDVSA Petróleo, S.A. (the "PDVSA Defendants") conferred with counsel for Plaintiffs Helmerich & Payne International Drilling Co. ("H&P-IDC") and Helmerich & Payne de Venezuela, C.A. ("H&P-V") (collectively, "Plaintiffs"), however, the parties were unable to reach an agreement on the issues and agreed that the parties would submit their own competing proposals in response to this Court's order. Accordingly, the PDVSA Defendants' submit the following status report and proposal.

**Status of the Case**: This case is back before this Court following remands from the Supreme Court and the D.C. Circuit on the threshold jurisdictional issue of whether H&P-IDC has any cognizable rights in property that were taken in violation of international law as required

to establish subject matter jurisdiction under the expropriation exception of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1605(a)(3).

The Supreme Court vacated the denial of the PDVSA Defendants' motion to dismiss for lack of jurisdiction under the FSIA and held that a "nonfrivolous, but ultimately incorrect, argument that property was taken in violation of international law is insufficient to confer jurisdiction." *Bolivarian Republic of Venezuela* v. *Helmerich & Payne Int'l Drilling Co.*, 137 S. Ct. 1312, 1316 (2017) ("*Helmerich II*"). Rather, a party "must make out a legally valid claim that a certain kind of property right is at issue (*property rights*) and that the relevant property was taken in a certain way (in violation of international law)." *Id.* The Supreme Court explained that factual disputes may need to be resolved to answer this jurisdictional question and that, "consistent with foreign sovereign immunity's basic objective, namely, to free a foreign sovereign from suit, the court should normally resolve those factual disputes and reach a decision about immunity as near to the outset of the case as is reasonably possible." *Id.* at 1317. The Supreme Court then remanded the case to the D.C. Circuit to evaluate Plaintiffs' expropriation claims under the appropriate pleading standard.

On August 7, 2018, the D.C. Circuit issued a decision affirming the District Court's dismissal of H&P-V's expropriation claim on the grounds that H&P-V's property was not taken in violation of international law. *Helmerich & Payne Int'l Drilling Co. v. Bolivarian Republic of Venezuela*, __ F.3d __, 2018 U.S. App. LEXIS 22209, *29 (D.C. Cir. Aug. 7, 2018) ("*Helmerich III*"). The D.C. Circuit then turned to H&P-IDC's claim that it had its own property rights, apart from those asserted by H&P-V in the drilling rigs, which had been taken in violation of international law. Because "the domestic-takings rule bars H&P-IDC from basing an expropriation claim on Venezuela's seizure of H&P-V's property," the D.C. Circuit held that

H&P-IDC was required to plead a claim based on a "seizure of *its own* property." *Id.* at *30 (emphasis original). H&P-IDC has identified two alleged property rights that it claims were taken: First, H&P-IDC alleged that Defendants "unlawfully seized its ownership interest in its subsidiary, H&P-V." *Id.* Second, H&P-IDC alleged that Defendants "unlawfully seized its allegedly direct right under Venezuela law to exercise some degree of control over H&P-V's expropriated assets." *Id.*

With respect to H&P-IDC's first theory, the D.C. Circuit held that the complaint was sufficient to withstand a facial challenge to subject matter jurisdiction because it adequately alleges that Defendants have "permanently take[n] control over management and control of [H&P-V's] business, completely destroying the beneficial and productive value of [H&P-IDC's] ownership of [its] company, and leaving [H&P-IDC] with shares that have been rendered useless." *Id.* at *34. The D.C. Circuit nevertheless found that there remained a factual issue as to whether H&P-IDC could prove those jurisdictional allegations. *Id.* at *34-35. It explained that evidence concerning the appointment of H&P-V's directors as well as H&P-V's pursuit of litigation and its recovery of debts, among other things, would be relevant to resolving this remaining factual inquiry. *Id.* The D.C. Circuit declined to address H&P-IDC's second theory on the grounds that it raises "difficult questions" of Venezuelan law that should be addressed by this Court in the first instance. *Id.* at *37-38. Thus, the D.C. Circuit remanded for further proceedings on these issues.

**Remaining Issues**: The D.C. Circuit's decision leaves two threshold questions that must be answered in order to determine whether H&P-IDC had any "rights in property" of its own that were taken in violation of international law as required to satisfy the FSIA's expropriation exception:

1. Whether Defendants have, in fact, "permanently take[n] control over management and control of [H&P-V's] business, completely destroying the beneficial and productive value of [H&P-IDC's] ownership of [its] company, and leaving [H&P-IDC] with shares that have been rendered useless." *Helmerich III*, 2018 U.S. App. LEXIS 22209, at *34.

2. Whether, as a matter of Venezuelan law, H&P-IDC had any direct rights in H&P-V's property and whether any such rights were taken in violation of international law. *Helmerich III*, 2018 U.S. App. LEXIS 22209, at *37-38.

The D.C. Circuit's decision makes clear that the resolution of these two issues is critical to the determination of subject matter jurisdiction under the FSIA and therefore must be resolved before reaching other remaining issues. The D.C. Circuit found that there was a factual question to be resolved with respect to the first jurisdiction issue and therefore the PDVSA Defendants are entitled to make a factual challenge to jurisdiction with respect to that issue. *See Phoenix Consulting Inc. v. Republic of Angola,* 216 F.3d 36, 40-41 (D.C. Cir. 2000). The Supreme Court in this case held that the resolution of a threshold jurisdictional issue cannot be deferred simply because it requires the resolution of factual disputes. *See Helmerch II*, 137 S. Ct. at 1316-17. Indeed, the Supreme Court was unequivocal: "If a decision about the matter requires resolution of factual disputes, the court will have to resolve those disputes … as near to the outset of the case as is reasonably possible." *Id.* at 1324. To do otherwise would be inconsistent with "foreign sovereign immunity's basic objective" of freeing foreign sovereigns from the suit, including the attendant burdens of litigation. *Id.* at 1316-17.

This language establishes that the two threshold jurisdictional issues identified by the D.C. Circuit must be resolved before any of the other remaining issues in order to avoid

unnecessarily burdening the PDVSA Defendants and thereby infringing upon their presumptive sovereign immunity. Both issues are potentially dispositive and concern whether H&P-IDC has any cognizable direct rights in property that were taken in violation of international law. If it is determined that H&P-IDC did not have any direct rights in property that were taken in violation of international law, the case must be dismissed.

Neither issue will require any jurisdictional discovery from the PDVSA Defendants. The first issue identified by the D.C. Circuit presents a question of fact relating to "how much control H&P-IDC maintains over H&P-V and whether its ownership of H&P-V retains meaningful value." *Helmerich III*, 2018 U.S. App. LEXIS 22209, at *35. The facts relevant to this inquiry are uniquely within the possession and control of Plaintiffs. The second issue presents a purely legal question as to whether Venezuelan law grants H&P-IDC any direct right to control the property of its subsidiary, H&P-V, which will not require any discovery at all.

In short, resolving the two remaining threshold jurisdictional issues is the quickest and least burdensome path forward. It is also consistent with the parties' stipulation to resolve as an "Initial Issue" whether H&P-IDC has standing to assert an expropriation claim before reaching other "Additional Issues" raised in the Defendants' motions to dismiss. Dkt. No. 34 ¶ 1(D). Indeed, the D.C. Circuit has already explained that H&P-IDC's standing depends upon whether it has any "rights in property" under the FSIA's expropriation exception. *See Helmerich & Payne Int'l Drilling Co. v. Bolivarian Republic of Venezuela*, 784 F.3d 804, 814 (D.C. Cir. 2015) ("*Helmerich I*").

If H&P-IDC is ultimately successful in demonstrating that it had direct rights in property that were taken in violation of international law, the Court will then need to resolve the "Additional Issues" set aside by the parties stipulation, including the jurisdictional question of

whether the expropriated "property or any property exchanged for such property is owned or operated by an agency or instrumentality of the foreign state and that agency or instrumentality is engaged in a commercial activity in the United States," 28 U.S.C. § 1605(a)(3), as well as the PDVSA Defendants' act of state doctrine defense and other Rule 12(b)(6) defenses.

**Proposed Schedule**:  In light of the D.C. Circuit's decision, the PDVSA Defendants propose the following schedule:

i.) Within 14 days after the entry of the Court's scheduling order, the PDVSA Defendants will serve jurisdictional discovery requests limited to the first remaining jurisdictional issue – i.e. whether Defendants have completely taken over control of the management and business of H&P-V and completely destroyed the beneficial and productive value of H&P-IDC's ownership interest in H&P-V;

ii.) Jurisdictional discovery on the first remaining jurisdictional issue will close 90 days after the entry of the Court's scheduling order;

iii.) The PDVSA Defendants will file a supplemental Rule 12(b)(1) motion to dismiss on the first two remaining jurisdictional issues within 30 days after the close of jurisdictional discovery;

iv.) H&P-IDC will file an opposition to the PDVSA Defendants' motion within 30 days after the filing of the PDVSA Defendants' motion; and

v.) The PDVSA Defendants will file a reply to H&P-IDC's opposition within 14 days after the filing of H&P-IDC's opposition.

Dated: December 21, 2018                                         Respectfully submitted,

**CURTIS, MALLET-PREVOST,
  COLT & MOSLE LLP**

By:  */s/ Joseph D. Pizzurro*
Joseph D. Pizzurro, Esq. (D.C. Bar No. 468922)
1717 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Tel.: (202) 452-7373
Fax: (202) 452-7333
Email: jpizzurro@curtis.com

- 7 -

*Of Counsel:*
Robert B. García, Esq. (*pro hac vice*)
Kevin A. Meehan, Esq. (*pro hac vice*)
101 Park Avenue
New York, New York 10178
Tel.: (212) 696-6000
Fax: (212) 697-1559

*Attorneys for Defendants Petróleos de Venezuela, S.A. and PDVSA Petróleo, S.A.*