UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HELMERICH & PAYNE INTERNATIONAL DRILLING CO. and HELMERICH & PAYNE DE VENEZUELA C.A., <br><br>                Plaintiffs,<br><br>vs.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA, PETRÓLEOS DE VENEZUELA, S.A., and PDVSA PETRÓLEO, S.A.,<br><br>                Defendants. | Case No. 1:11-cv-01735-CRC |

## PLAINTIFFS' STATUS REPORT

On December 7, 2018, this Court ordered the parties (Helmerich & Payne International Drilling Co. (H&P-IDC) and Helmerich & Payne de Venezuela, C.A. (H&P-V) (collectively, Plaintiffs), and the Bolivarian Republic of Venezuela (Venezuela), Petróleos de Venezuela, S.A. (PDVSA), and PDVSA Petróleo, S.A. (Petróleo) (collectively, Defendants)) to meet and confer and "file a joint status report, to include a summary of the status of the case and a proposal for continued proceedings in this Court or, if an agreement cannot be reached, competing proposals for continued proceedings." The parties have conferred, but were unable to reach agreement on a single proposal. Plaintiffs hereby submit their summary of the case and proposal for continued proceedings.

**Remaining Threshold Legal Issues**: On August 7, 2018, the D.C. Circuit affirmed this Court's dismissal of H&P-V's claims, as well as its denial of Defendants' motions to dismiss H&P-IDC's claims, holding that the Complaint "sufficiently contend[s] that Venezuela and PDVSA have entirely commandeered all of H&P-V's on-the-ground operations," and thus

-1-

"presented a valid claim that 'property' has been 'taken in violation of international law.'" *Helmerich & Payne International Drilling Co. v. Bolivarian Republic of Venezuela*, 743 F. App'x 442, 455 (D.C. Cir. 2018). The Court of Appeals remanded the case to this Court "to address any remaining threshold jurisdictional issues, including whether the expropriation exception's commercial-activity requirement has been satisfied." *Id.*

In order to address those issues in an orderly fashion, Plaintiffs will need to resume and complete the jurisdictional discovery process that was underway in 2016, when this Court granted a stay of that discovery in light of Defendants' successful petition for writ of certiorari in the Supreme Court. *See* Dkt. 124. At that time, Plaintiffs had initiated jurisdictional discovery of Defendants pursuant to this Court's order authorizing discovery on "whether the expropriated 'property or any property exchanged for such property is owned or operated by an agency or instrumentality of the foreign state and that agency or instrumentality is engaged in a commercial activity in the United States.'" *See* Order, Dkt. 77 (ordering discovery in accordance with the parties' discovery agreement and quoting 28 U.S.C. § 1605(a)(3)). It is appropriate, consistent with the Court of Appeals' disposition, for Plaintiffs to complete that jurisdictional discovery in accordance with the proposed schedule set forth below, in order to address the remaining threshold issues.

Plaintiffs set forth those issues in a prior status report (Dkt. 76 at 2). That prior status report included an additional threshold issue that related only to H&P-V's claims against Venezuela. Following the D.C. Circuit's decision, H&P-V no longer has a viable claim against Defendants in this Court; H&P-V should be dismissed from this suit; and Plaintiffs have removed that issue from the list below.

The remaining threshold jurisdictional issues are as follows:

1. Defendants' Rule 12(b)(1) factual defense contending that the property at issue is not owned or operated by the PDVSA Defendants within the meaning of the Foreign Sovereign Immunities Act (FSIA), 28 U.S.C. § 1605(a)(3), because it is being operated by PDVSA Servicios Petróleros, S.A., which allegedly is neither an agency or instrumentality of the state nor engaged in commercial activities in the United States (*see* Dkt. 78);

2. Venezuela's Rule 12(b)(1) legal defense contending that the second prong of Section 1605(a)(3), which denies immunity when the expropriated "property or any property exchanged for such property is owned or operated by an agency or instrumentality of the foreign state and that agency or instrumentality is engaged in a commercial activity in the United States," does not apply to Venezuela (*see* Dkt. 78);

3. Defendants' Rule 12(b)(6) legal defense contending that the Act of State doctrine applies and prevents this Court's consideration of the expropriation claims;

4. Defendants' Rule 12(b)(6) legal defense contending that Plaintiffs failed adequately to plead that H&P-IDC suffered a loss of control over H&P-V and/or its assets as a result of the expropriation.[1]

---

[1] Plaintiffs also understand that the PDVSA Defendants intend to propose that this Court address whether H&P-IDC has the right to control the assets of H&P-V as a matter of Venezuelan law before addressing the threshold issues listed above. Because the Venezuelan-law theory (i.e., that Venezuelan law granted H&P-IDC rights of control over H&P-V's assets that Defendants expropriated) is merely an alternative to the broader basis for jurisdiction that the Court of Appeals already validated (i.e., that Defendants effectively expropriated H&P-V in its entirety by commandeering all of H&P-V's on-the-ground operations), this issue need not be addressed before this litigation moves forward. Furthermore, the Court of Appeals merely indicated that this Court should address the Venezuelan-law issues "if necessary," and said nothing about whether they needed to be addressed prior to the remaining threshold issues. *Helmerich & Payne*, 743 F. App'x at 456.

As this Court previously recognized in its Order (Dkt. 77), the only question among the foregoing that requires jurisdictional discovery is the first one; all other issues should be decided as a matter of law.

Plaintiffs understand that the PDVSA Defendants now disagree with the approach to which they had agreed before the appeal. Instead, they indicate that they intend to argue that they, too, are entitled to jurisdictional discovery to test the Complaint's allegations that the expropriation deprived H&P-IDC of substantially all of the value of its ownership interest in H&P-V. No such discovery is warranted. There can be no conceivable good-faith contention that Defendants have not expropriated the entirety of H&P-V's productive assets. Moreover, PDVSA's position contravenes both the parties' initial stipulation (Dkt. 36), in which the parties agreed that the issue of H&P-IDC's standing could be resolved at the threshold as a purely legal matter, and the Court of Appeals' recent direction that factual issues concerning any remaining value of H&P-V "be considered along with other such relevant facts as part of the district court's ultimate 'fact intensive, case-by-case inquiry' into whether Venezuela and PDVSA have in fact committed the act of which they stand accused," *Helmerich & Payne*, 743 F. App'x at 455.

**The PDVSA Defendants**: A 90-day jurisdictional discovery period is warranted, during which PDVSA and Petróleo will comply with the Court's May 13, 2016 Order (Dkt. 113) compelling responses to certain discovery requests served by plaintiffs. The PDVSA Defendants should be directed to respond to the outstanding discovery requests, as follows:

- The PDVSA Defendants will produce, on a rolling basis as soon as they become available, documents responsive to plaintiffs' requests for production to which the PDVSA Defendants had previously agreed to respond, and shall complete such production no later than 30 days after jurisdictional discovery begins;

- The PDVSA Defendants will produce, on a rolling basis as soon as they become available, documents responsive to plaintiffs' RFPs that were subject to the Court's May 13, 2016 Order, and shall complete such production no later than 60 days after jurisdictional discovery begins;
- PDVSA and Petróleo will also jointly designate a representative or representatives to testify once on behalf of both entities concerning the topics identified in plaintiffs' Rule 30(b)(6) deposition notice and will cooperate in scheduling that deposition before the close of the jurisdictional discovery period.

**The Republic of Venezuela**:  Further litigation against Venezuela should be stayed for sixty days to allow ongoing settlement discussions with H&P-IDC to continue.  A stay will permit Venezuela to avoid the burden of complying with the Court's order compelling it to respond to certain discovery requests, when that compliance may ultimately be unnecessary if a mutually agreeable settlement is reached.  Venezuela and H&P-IDC propose to file a joint status report updating the Court on the status of their settlement discussions at the end of the requested sixty-day stay.

**Schedule Following Jurisdictional Discovery**:  At the close of the jurisdictional discovery period, Plaintiffs propose that the Court establish the schedule initially set forth in the Court's October 19, 2015 scheduling order (Dkt. 77), as follows:[2]

- The PDVSA Defendants will file their Rule 12(b)(6) motion concerning their Rule 12(b)(6) legal defense contending that plaintiffs failed adequately to plead that H&P-

---

[2] The proposed schedule assumes that Plaintiffs and Venezuela reach a mutually agreeable resolution of Plaintiffs' claims against Venezuela prior to the close of the jurisdictional discovery period, and thus does not address any Venezuela-specific arguments.  If the parties are unable to reach such resolution, the Plaintiffs and Venezuela will inform the Court by joint status report and propose a schedule for further proceedings at that time.

    IDC suffered a loss of control over H&P-V and/or its assets as a result of the expropriation (enumerated issue 4, above) within 45 days from the close of jurisdictional discovery.

- H&P-IDC will file its consolidated opposition brief, addressing both the PDVSA Defendants' Rule 12(b)(1) and Rule 12(b)(6) motions, within 60 days of service of their 12(b)(6) motion.

- The PDVSA Defendants will conduct responsive discovery, if any, and file a consolidated reply within 60 days of service of H&P-IDC's consolidated opposition.

- The Court may schedule an evidentiary hearing as necessary.

Consistent with the Court's prior Order that it "will adjudicate Defendants' Rule 12(b)(6) defense contending that the Act of State doctrine applies and prevents this Court's consideration of Plaintiff's expropriation claims after all remaining issues relating to subject matter jurisdiction are resolved," (Dkt. 77), the above schedule does not set a briefing schedule for the Act of State issue (enumerated issue three, above).  Plaintiffs instead propose that the court convene a status conference once the other three threshold issues have been resolved to determine appropriate next steps.

| | |
|---|---|
| Dated: December 21, 2018 | Respectfully submitted, |

                                        **WILMER CUTLER PICKERING HALE AND DORR LLP**

                                        By: /s/    David W. Ogden
                                        David W. Ogden (D.C. Bar No. 375951)
                                        David W. Bowker (D.C. Bar No. 989309)
                                        Wilmer Cutler Pickering Hale and Dorr LLP
                                        1875 Pennsylvania Avenue, NW
                                        Washington, DC 20006
                                        Tel.: (202) 663-6000
                                        Fax: (202) 663-6363
                                        E-mail: david.ogden@wilmerhale.com

                                        *Attorneys for Plaintiffs*