## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HELMERICH & PAYNE INTERNATIONAL DRILLING CO.,**<br><br>Plaintiff,<br><br>v.<br><br>**BOLIVARIAN REPUBLIC OF VENEZUELA, PETRÓLEOS DE VENEZUELA, S.A., and PDVSA PETRÓLEO, S.A.,**<br><br>Defendants. | Case No. 11-cv-01735 (CRC) |

## ORDER

Following the D.C. Circuit's remand of this case, see Helmerich & Payne Int'l Drilling Co. v. Bolivarian Republic of Venezuela, 743 F. App'x 442 (D.C. Cir. 2018), the Court ordered the parties to file a Joint Status Report to identify the best path forward in this litigation or, if an agreement could not be reached, to file competing proposals.  The parties could not agree and filed separate status reports with suggestions for how to proceed.

Plaintiff[1] asks the Court to permit it to continue jurisdictional discovery on the following question:

> Defendants' Rule 12(b)(1) factual defense contending that the property at issue is not owned or operated by the PDVSA Defendants within the meaning of the Foreign Sovereign Immunities Act (FSIA), 28 U.S.C. § 1605(a)(3), because it is being operated by PDVSA Servicios Petróleros, S.A., which allegedly is neither an agency or instrumentality of the state nor engaged in commercial activities in the United States.

---

[1] Consistent with the D.C. Circuit's most recent opinion, see Helmerich & Payne, 743 F. App'x at 457, the Court will dismiss Helmerich & Payne de Venezuela, C.A.'s claims and has adjusted the case caption accordingly.  See also Plaintiffs' Status Report, ECF No. 129, at 2.

Plaintiffs' Status Report, ECF No. 129, at 3.  Pursuant to previous stipulations of the parties and

Court order, see Scheduling Order, ECF No. 77, this question is one of four "threshold legal

issues" that remain following the D.C. Circuit's decision on remand from the Supreme Court.

The PDVSA Defendants, for their part, now ask the Court to bifurcate these previously

stipulated threshold jurisdictional issues and focus first on their contention that Plaintiff has

failed to adequately plead an expropriation in violation of international law.  To this end, they

seek jurisdictional discovery on the following factual question, the answer to which they contend

will allow the Court to resolve that issue:

> Whether Defendants have, in fact, "permanently take[n] control over management
> and control of [H&P-V's] business, completely destroying the beneficial and
> productive value of [H&P-IDC's] ownership of [its] company, and leaving [H&P-
> IDC] with shares that have been rendered useless."

PDVSA Defendants' Status Report, ECF No. 128, at 4 (quoting Helmerich & Payne, 743

F. App'x at 455).

The Court will not upset the process to which the parties had previously stipulated.  In a

previous ruling, it explained that "briefing on the four initial issues ha[d] already dragged the

parties though a multi-year battle in this Court and before the D.C. Circuit."  Helmerich & Payne

Int'l Drilling Co. v. Bolivarian Republic of Venezuela, 185 F. Supp. 3d 233, 243 (D.D.C. 2016).

That was nearly three years and two appellate decisions ago.  This litigation is now entering its

eighth year and remains in its jurisdictional phase.  Given the previous agreement of the parties,

the Court declines to divide the remaining "threshold" issues into two separate rounds of

discovery and briefing.  As such, it will decline PDSVA's request to order jurisdictional

discovery only on the question of whether Defendants have completely destroyed the beneficial

and productive value of H&P-IDC's ownership of its subsidiary.

Without prejudging the issue, the Court notes that the Complaint includes evidence that PDSVA's President publicly announced that it "took control over [H&P-V]."  Compl. ¶ 5.  The D.C. Circuit found "it quite obvious that [the Complaint's] allegations sufficiently contend that Venezuela and PDVSA have entirely commandeered all of H&P-V's on-the-ground operations." Helmerich & Payne, 743 F. App'x at 455.  As described below, the Court will give PDVSA the opportunity to conduct discovery to contravene those allegations.  However, it will not allow it to further prolong this case by undermining the previous agreements of the parties and delaying Plaintiff's ability to conduct limited jurisdictional discovery on whether the PDVSA Defendants own or operate the property at issue.  The Court's assessment is guided by the fact that the jurisdictional discovery in this case is "carefully controlled and limited."  Phoenix Consulting Inc. v. Republic of Angola, 216 F.3d 36, 40 (D.C. Cir. 2000).  And, because the alternative means by which PDVSA ostensibly seeks to resolve the case also involves a discovery process, this is not an instance in which PDVSA has raised an argument that would "impose a lesser burden upon the defendant."  Id.

And, precisely because PDVSA purports to present a fact-bound argument that it did not permanently take control over management and control of H&P-V's business, it is appropriate to allow it to conduct its own limited discovery on this matter.  As the D.C. Circuit explained, PDSV seeks to raise "relevant considerations that could ultimately shed light on how much control H&P-IDC maintains over H&P-V and whether its ownership of H&P-V retains meaningful value."  Helmerich & Payne, 743 F. App'x at 455.  PDSV maintains that limited discovery could permit it to detail these considerations, which may be central to determining whether an international expropriation has taken place.  See id. at 454.

Such facts straddle the line between jurisdictional and merits questions.  The Supreme Court explained in this very case that if, to decide jurisdictional questions, a court "must inevitably decide some, or all, of the merits issues, so be it."  <u>Bolivarian Republic of Venezuela v. Helmerich & Payne Int'l Drilling Co.</u>, 137 S. Ct. 1312, 1319 (2017).  Similarly, the D.C. Circuit has explained that, when dealing with suits implicating the Foreign Sovereign Immunities Act, "the court may not deny the motion to dismiss merely by assuming the truth of the facts alleged by the plaintiff and disputed by the defendant."  <u>Phoenix Consulting Inc.</u>, 216 F.3d at 40. Thus, to the extent that PDVSA now suggests that it will seek to make a factual showing to indicate that the Foreign Sovereign Immunity Act's expropriation exception does not apply, it is appropriate to allow it to serve relevant discovery requests upon Plaintiff at this stage.

A concurrent discovery period reflects the importance of allowing PDVSA to make potentially dispositive arguments as quickly as practicable while maintaining the previous agreement of the parties and ensuring efficiency.  At the parties' request, the Court will stay litigation against Venezuela to allow the parties to negotiate a potential settlement.  <u>See</u> Plaintiffs' Status Report, ECF No. 129, at 5; Bolivarian Republic of Venezuela's Status Report, ECF No. 130, at 2.

For the foregoing reasons, it is hereby

**ORDERED** that, on or before January 24, 2019, the PDVSA Defendants will serve appropriate discovery requests limited to the question of whether Defendants have completely taken over control of the management and business of H&P-V.  It is further

**ORDERED** that the PDVSA Defendants will produce, on a rolling basis as soon as they become available, documents responsive to Plaintiff's requests for production to which the

PDVSA Defendants had previously agreed to respond and shall complete such production on or before February 25, 2019.  It is further

**ORDERED** that the PDVSA Defendants will produce, on a rolling basis as soon as they become available, documents responsive to Plaintiff's requests for production that were subject to the Court's May 13, 2016 Order and shall complete such production on or before March 21, 2019.  It is further

**ORDERED** that PDVSA and Petróleo shall jointly designate a representative or representatives to testify once on behalf of both entities concerning the topics identified in Plaintiff's Rule 30(b)(6) deposition notice and shall cooperate in scheduling that deposition before the close of the jurisdictional discovery period.  It is further

**ORDERED** that the discovery period described herein shall commence on today's date and continue until May 10, 2019.  It is further

**ORDERED** that litigation against Defendant Bolivarian Republic of Venezuela shall be stayed until March 11, 2019 to allow the parties to negotiate a potential settlement.  It is further

**ORDERED** that Helmerich & Payne de Venezuela, C.A. is hereby dismissed from this suit.  It is further

**ORDERED** that at the conclusion of the discovery period described herein, the parties shall adhere to the following briefing schedule:

- The PDVSA Defendants will file on or before June 24, 2019 their Rule 12(b) motion concerning their defense contending that plaintiff failed to adequately allege that H&P-IDC suffered a loss of control over H&P-V and/or its assets as a result of the alleged expropriation.

- H&P-IDC will file on or before August 8, 2019 its consolidated opposition brief, addressing the PDVSA's Rule 12(b) motions.

- The PDVSA Defendants will file on or before September 23, 2019 their consolidated reply brief.

**SO ORDERED**.

_____
CHRISTOPHER R. COOPER
United States District Judge

Date: <u>January 10, 2019</u>