**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| HELMERICH & PAYNE INTERNATIONAL DRILLING CO., <br><br>　　　　　　Plaintiff, <br>vs. <br><br>BOLIVARIAN REPUBLIC OF VENEZUELA, PETRÓLEOS DE VENEZUELA, S.A., and PDVSA PETRÓLEO, S.A., <br><br>　　　　　　Defendants. | Case No. 1:11-cv-01735-CRC |

**PLAINTIFF'S MOTION TO STAY ALL PROCEEDINGS**

Plaintiff Helmerich & Payne International Drilling Co. ("H&P-IDC") appreciates this Court's efforts to avoid unnecessary delay in this litigation, which remains in the jurisdictional phase more than seven years after the action was commenced.  *See* Order, ECF No. 135.  Due to well-publicized circumstances beyond the parties' control, however, some additional delay now has become unavoidable.  For that reason, H&P-IDC reluctantly asks the Court to stay all proceedings and all obligations of all parties with respect to the above-captioned action for an indefinite period, subject to a motion by any party to lift the stay for good cause shown.  H&P-IDC proposes to update the court every ninety days until the stay is dissolved.  Counsel for Defendants Petroleos de Venezuela, S.A. ("PDVSA") and PDVSA Petróleo, S.A. (together, the "PDVSA Defendants") and counsel for Defendant Republic of Venezuela are unable to take any position on behalf of their respective clients but in their own capacity make no objection to a stay.

In the days since this Court entered its most recent scheduling order on January 10, 2019, conditions in Venezuela have deteriorated substantially and a still-unresolved dispute has arisen

as to what is the rightful government of the Republic and who is the rightful director of PDVSA. Mr. Nicolas Maduro was reelected as President of Venezuela in May 2018, but the validity of the election was widely contested, including by Venezuela's National Assembly, the United States, and international observers.[1]  Mr. Maduro's second term officially began on January 10, 2019, but on January 15, 2019, the National Assembly issued a Legislative Order nullifying the election and calling for the President of the National Assembly, Juan Guaidó, to assume the Presidency on a transitional basis until new elections can be held.[2]   On January 23, 2019, Mr. Guaidó took the oath of office as interim President of Venezuela pursuant to Article 233 of Venezuela's Constitution.[3]  The United States, and a number of other governments, have now recognized Mr. Guaidó as Venezuela's interim President.[4]  On January 28, the United States imposed a regime of sanctions on Defendant PDVSA that freezes PDVSA assets in the United States and generally prohibits U.S. persons from providing services to or engaging in

---

[1] William Neuman & Nicholas Casey, *Venezuela Election Won By Maduro Amid Widespread Disillusionment*, NEW YORK TIMES (May 20, 2018), https://www.nytimes.com/2018/05/20/world/americas/venezuela-election.html.

[2] Mayela Armas & Corina Pons, *Venezuela Congress Declares President Maduro 'Usurper' Of Democracy*, REUTERS (Jan. 15, 2019), https://www.cnbc.com/2019/01/15/reuters-america-update-2-venezuela-congress-declares-president-maduro-usurper-of-democracy.html; *see also* Acuerdo Sobre La Declaratoria De Usurpación De La Presidencia De La República Por Parte De Nicolas Maduro Moros Y El Restablecimiento De La Vigenciade La Constitución (Jan. 15, 2019), http://www.asambleanacional.gob.ve/actos/_acuerdo-sobre-la-declaratoria-de-usurpacionde-la-presidencia-de-la-republica-por-parte-de-nicolas-maduro-moros-y-el-restablecimiento-de-la-vigenciade-la-constitucion.

[3] Anthony Faiola, *Who Is Juan Guaidó?*, THE WASHINGTON POST (January 24, 2019), https://wapo.st/2Fo7Dxi?tid=ss_tw&utm_term=.ec6c6e7e7029; *see also* Press Statement, República Bolivariana De Venezuela Asamblea Nacional, *Juan Guaidó: Juro Asumir Formalmenta Las Competencias Del Ejecutivo Nacional Como Presidente Encargado De Venezuela* (Jan. 23, 2019), http://www.asambleanacional.gob.ve/noticias/_juan-guaido-juro-asumir-formalmente].

[4] *Statement from President Donald J. Trump Recognizing Venezuelan National Assembly President Juan Guaido as the Interim President of Venezuela* (Jan. 23, 2019), https://www.whitehouse.gov/briefings-statements/statement-president-donald-j-trump-recognizing-venezuelan-national-assembly-president-juan-guaido-interim-president-venezuela/; Press Statement, Secretary of State Michael R. Pompeo, *Recognition Of Juan Guaidó As Venezuela's Interim President* (Jan. 23, 2019), https://www.state.gov/secretary/remarks/2019/01/288542.htm; *see also* Press Statement, Secretary of State Michael R. Pompeo, *Recognition Of Juan Guaido As Venezuela's Interim President By Several European Countries* (Feb. 4, 2019), https://www.state.gov/secretary/remarks/2019/02/288744.htm.

transactions with PDVSA.[5]  On February 5, Mr. Guaidó indicated that he proposed to replace the existing director of PDVSA with a nominee of his choosing, Gustavo Baquero.[6]

By recognizing Mr. Guaidó, the United States implicitly derecognized the Maduro government.  *See Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf*, 860 F.2d 551, 553 (2d Cir. 1988) ("a state derecognizes a governmental regime when it recognizes another regime as the legitimate government of that state"); Restatement (Third) of Foreign Relations Law § 203 comment f (similar).  This decision to recognize Mr. Guaidó and derecognize Mr. Maduro's government is "conclusive on all domestic courts" in the United States.  *Guar. Tr. Co. of New York v. United States*, 304 U.S. 126, 138 (1938).  Nevertheless, courts "are free to draw for themselves its legal consequences in litigations pending before them." *Id.*

At the present time, Mr. Maduro purportedly continues to control much of the government despite the U.S. derecognition.  Counsel of record for the Republic of Venezuela has represented that due to the uncertain political situation, they have not been able to confirm instructions from their client.  They are thus not presently able to take positions for their client either in the litigation or in settlement discussions, which have now been suspended.

Until these issues are resolved, the uncertainty surrounding the leadership of Venezuela and the PDVSA Defendants and the ability of counsel for those entities to represent them in the near term makes it impracticable for this litigation to proceed on its present schedule.  Counsel for the Republic and counsel for the PDVSA Defendants have stated understandably that they can take no position on Defendants' behalf at the present time on any topic.  Notably, on

---

[5] Press Release, U.S. Dep't of the Treasury, *Treasury Sanctions Venezuela's State-Owned Oil Company Petroleos De Venezuela, S.A.* (Jan. 28, 2019), https://home.treasury.gov/news/press-releases/sm594.

[6] *Venezuela's Guaido To Appoint Oil Industry Veteran Baquero As PDVSA President*, S&P GLOBAL PLATTS (Feb. 5, 2019), https://www.spglobal.com/platts/en/market-insights/latest-news/oil/020519-venezuelas-guaido-to-appoint-oil-industry-veteran-baquero-as-pdvsa-president-sources.

February 12, Venezuela also sought a stay of proceedings in unrelated litigation before the U.S. Court of Appeals for the District of Columbia Circuit, in which counsel for Venezuela in that case represented to the court that "President Guaidó's government has instructed [counsel] to file this motion [for stay]."[7]  Here, a stay is also appropriate because, as recognized by another district court almost 70 years ago, a case cannot meaningfully progress if Defendants are unable to fully participate due to domestic unrest and changes in government.  *See Bank of China v. Wells Fargo Bank & Union Tr. Co.*, 92 F. Supp. 920, 924 (N.D. Cal. 1950) ("A Court cannot justly rule while a controversy is raging … Particularly is this so when events are colored by problems of governmental recognition.").[8]  And it would be inequitable to require H&P-IDC to respond to pending discovery requests while neither the PDVSA Defendants nor Venezuela are able to satisfy their discovery obligations, or able to take authorized positions with respect to requests to narrow or modify the pending discovery.

In consideration of the significant issues raised by the derecognition of the Maduro government and the recognition of Mr. Guaidó as President of Venezuela, H&P-IDC requests that the Court stay all proceedings and all obligations of all parties, subject to motion by any party to dissolve the stay for good cause shown.  H&P-IDC further requests that the Court direct H&P-IDC to submit status reports every 90 days until such time as the stay is dissolved.  Counsel for the PDVSA Defendants and counsel for Defendant Venezuela state that they are unable to take any position on behalf of their respective clients, but that counsel in their own capacities have no objection to a stay.

---

[7] *Rusoro Mining Ltd. v. Bolivarian Rep. of Venezuela*, No. 18-7044, Dkt. 1773036 (Feb. 12, 2019) (D.C. Cir.).

[8] In *Bank of China,* the Court entered a stay in the face of a dispute over the rightful government of China, and was able to dissolve it and decide the case two years later.  Plaintiffs are hopeful the present lack of clarity in Venezuela can be resolved much more quickly.

Dated: February 14, 2019    Respectfully submitted,

              */s/ David W. Ogden*
              David W. Ogden (D.C. Bar No. 375951)
              David W. Bowker (D.C. Bar No. 989309)
              Wilmer Cutler Pickering Hale & Dorr
              1875 Pennsylvania Avenue, NW
              Washington D.C. 20006
              Tel.: (202) 663-6000
              Fax: (202) 663-6363
              e-mail: david.ogden@wilmerhale.com

              *Attorneys for Plaintiff*