**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| HELMERICH & PAYNE INTERNATIONAL DRILLING CO., <br><br>     Plaintiff, <br><br> vs. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, PETRÓLEOS DE VENEZUELA, S.A., and PDVSA PETRÓLEO, S.A., <br><br>     Defendants. | Case No. 1:11-cv-01735-CRC |

**PLAINTIFF'S STATUS REPORT**

On February 15, 2019, this Court stayed all proceedings in this action and ordered Plaintiff Helmerich & Payne International Drilling Co. ("H&P-IDC") to provide a status report every 90 days until otherwise ordered. *See* Order, ECF No. 133. H&P-IDC filed its first status report on May 15, 2019, requesting that the stay be maintained. ECF No. 134. While the legal status of the Venezuelan government in U.S. courts has become clearer since May, the practical reality of the political situation in Venezuela continues to prevent this litigation from moving forward. H&P-IDC therefore believes that the stay should remain in effect, subject to a continuing requirement that the parties submit joint status reports every ninety days until the stay is dissolved.

The political situation in Venezuela remains essentially unchanged. Interim President Juan Guaidó still "does not have full access to the personnel and documents of the government and its instrumentalities"; rather, the Maduro regime "has maintained substantial control of the operation of the Venezuelan government" including "the Central Bank, the Supreme Court …, the Finance Ministry, and the Venezuelan operations and assets of … PDVSA." Hernández

Decl., *Dresser-Rand Co. v. Petróleos de Venezuela, S.A.*, No. 1:19-cv-2689 (S.D.N.Y. June 3, 2019), ECF No. 19 at ¶ 6 (declaration of Guaidó-appointed Special Attorney General) ("Hernández Decl.").

While the legal situation has become clearer over the past ninety days, it too is uncertain. Following the D.C. Circuit's lead in the *Rusoro Mining* case, *see* ECF No. 134, the Third Circuit has now also held in a to-be-published opinion that only the Guaidó regime may press Venezuela's interests in U.S. courts. *Crystallex Int'l Corp v. Bolivarian Republic of Venezuela*, No. 18-2889 (3d Cir. July 29, 2018), slip. op. at 11 n.2. And, the counsel who had previously appeared in this matter on behalf of the Bolivarian Republic of Venezuela, Petróleos de Venezuela, and PDVSA Petróleo have represented to undersigned counsel that they have obtained authority to litigate this case on behalf of the Guaidó government.

Those changes counsel in favor of joint status reports during the pendency of the current stay, but are insufficient to permit this litigation to move forward. Requiring submission of future status reports on a joint basis will ensure that this Court hears from the parties best able to advise this Court of any material changes to the political situation in Venezuela (i.e., Defendants). So long as the current state of affairs persists, however, Defendants have represented that they are unable to comply with this court's discovery order (ECF No. 131). They can neither produce documents in the control of Petróleos de Venezuela or PDVSA Petróleo nor produce corporate representatives of those defendants for deposition. *See* Hernández Decl. ¶¶ 6-7.

Under these circumstances, it is impracticable for this litigation to proceed. H&P-IDC believes that the stay should remain in place, subject to motion by any party to dissolve the stay

for good cause shown, and that the parties should submit joint status reports every 90 days until such time as the stay is dissolved.

Dated: August 14, 2019                                   Respectfully submitted,

_____/s/ David W. Ogden_____
David W. Ogden (D.C. Bar No. 375951)
David W. Bowker (D.C. Bar No. 989309)
Wilmer Cutler Pickering Hale & Dorr
1875 Pennsylvania Avenue, NW
Washington D.C. 20006
Tel.: (202) 663-6000
Fax: (202) 663-6363
e-mail: david.ogden@wilmerhale.com

*Attorneys for Plaintiff*