UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HELMERICH & PAYNE INTERNATIONAL DRILLING CO.**, <br><br> Plaintiff, <br><br> v. <br><br> **BOLIVARIAN REPUBLIC OF VENEZUELA, PETRÓLEOS DE VENEZUELA, S.A., and PDVSA PETRÓLEO, S.A.**, <br><br> Defendants. | Case No. 11-cv-01735 (CRC) |

**ORDER**

      This long-running Foreign Sovereign Immunities Act case involves the alleged expropriation of plaintiff Helmerich & Payne International Drilling Co.'s ("H&P") Venezuelan oil drilling business and associated drilling rigs.  The case has been stayed since February 2019, when sweeping changes to the political situation in Venezuela prevented the defendants from providing discovery responses.  After lying dormant for over two years, H&P indicated that it wished to lift the stay.  The Court ordered the parties to file a joint status report with a proposed case management plan indicating whether and how the case might move forward.  See 8/20/2021 Minute Order; Joint Status Report ("JSR") (Oct. 18, 2021), ECF No. 144.  In December 2021, the Court held a hearing on the parties' competing proposals.  The Court will partially lift the stay and permit this matter to proceed with respect to certain issues, as outlined below.

      It is worth noting at the outset that Venezuela's political situation has not changed, at least not in a way that makes a difference for this litigation.  But given the passage of time, says H&P, this matter should proceed on a revised case management plan.  Petróleos de Venezuela, S.A. and PDVSA Petróleo, S.A. ("PDVSA Defendants") agree that nothing has changed.

Although they partially resist lifting the stay, in the event the case moves forward, the parties share some areas of common ground. As to H&P and the PDVSA Defendants, there are four issues on the table. Defendant Bolivarian Republic of Venezuela also raises an additional matter for consideration. The Court will address each defendant in turn.

*First*, the PDVSA Defendants raise a jurisdictional defense under Federal Rule of Civil Procedure 12(b)(1), contending that the property at issue is not owned or operated by PDVSA within the meaning of the FSIA's expropriation exception, 28 U.S.C. § 1605(a)(3), because it is being operated by another entity, PDVSA Servicios Petróleros, S.A. ("PDVSA-SP"). According to the PDVSA Defendants, PDVSA-SP is neither an agency or instrumentality of Venezuela nor engaged in commercial activities in the United States, and therefore, H&P cannot satisfy the FSIA's "commercial-nexus" requirement to establish jurisdiction. The parties have sought discovery on this issue, but the PDVSA Defendants state that "[m]ost, if not all, of those requests seek information that is located in Venezuela, and [they] do not have access to any such information." JSR at 9–10. H&P acknowledges that "there is little if any sign that the political situation in Venezuela will be resolved in a manner that would allow Defendants to comply with their discovery obligations." Id. at 5. Given this practical hurdle, it is difficult to see how the case can move forward on this jurisdictional issue.

But there may be some narrow paths forward on two aspects of this issue. To start, the Court will give the PDVSA Defendants 30 days to certify whether they currently have any information responsive to H&P's discovery requests in their possession, custody, or control; if they have any responsive, non-privileged material, it should be produced in response to any relevant outstanding discovery requests. After that, the Court will address the dispute(s) related to H&P's request for a Rule 30(b)(6) deposition, including a potential deposition of a member of

PDVSA's ad hoc board, which the Court understands was appointed by the Juan Guaidó Interim Government of Venezuela to represent PDVSA.

Although the Court will defer definitively ruling on the dispute over depositions, it offers some initial reactions. The Court recognizes that the first witness who appeared for an attempted 30(b)(6) deposition as to PDVSA may not have fulfilled the obligations set out in the Federal Rules; however, the PDVSA Defendants remain adamant that they cannot produce a witness who has the requisite knowledge of the corporation. A sworn certification to this effect from the PDVSA Defendants' counsel should be sufficient to resolve this question. Then there is the additional issue of PDVSA's ad hoc board. Again, the PDVSA Defendants maintain that members of this board lack personal knowledge concerning the relevant issues in this case; H&P replies that it is procedurally entitled to depose a member of the ad hoc board to confirm these representations. That strikes the Court as potentially sensible, especially if, as it seems, the ad hoc board is relevant to the PDVSA Defendants' Act of State doctrine defense, discussed below. The Court will direct the parties to file a joint status on these matters within 30 days.

*Second*, the parties dispute whether the PDVSA Defendants have, in fact, "permanently take[n] over management and control of" H&P's Venezuelan subsidiary, "completely destroying the beneficial and productive value of [H&P's] ownership of [its] company, and leaving [H&P] with shares that have been rendered useless," as would be required to invoke the expropriation exception. See Helmerich & Payne Int'l Drilling Co. v. Bolivarian Republic of Venezuela, 743 F. App'x 442, 455 (D.C. Cir. 2018) (second alteration in original). The D.C. Circuit had "little trouble concluding that" H&P adequately *alleged* an expropriation claim based on this seizure. Id. at 455. But on remand, this Court gave the PDVSA Defendants "the opportunity to conduct discovery to contravene those allegations." 2019 Scheduling Order at 3, ECF No. 131. And the

3

Circuit also explained that the PDVSA Defendants raised "relevant considerations that could ultimately shed light on how much control [H&P] maintains over" its Venezuelan subsidiary "and whether its ownership of [the subsidiary] retains meaningful value." Helmerich & Payne, 743 F. App'x at 455.  These "facts straddle the line between jurisdictional and merits questions." 2019 Scheduling Order at 4.

The parties agree, assuming the stay is lifted, that discovery could proceed on these points.  Moreover, if the PDVSA Defendants were to make a sufficient factual showing that the FSIA's expropriation exception does not apply, this Court would lack jurisdiction.  It is therefore appropriate to permit discovery on this issue.

*Third*, H&P has at times invoked a "narrower property interest alleged to have been 'taken in violation of international law,'" Helmerich & Payne, 743 F. App'x at 455 (quoting 28 U.S.C. § 1605(a)(3)), potentially implicating another jurisdictional issue:  Whether, as a matter of Venezuelan law, H&P had any direct rights in the property of its Venezuelan subsidiary business, and whether any such rights were taken in violation of international law.  Because this issue largely turns on Venezuelan law, it is purely legal and can be briefed by the parties at the appropriate time.  Meanwhile, H&P has indicated that it is open responding to "any outstanding jurisdictional discovery requests . . . concerning control over, and direct rights in," its Venezuelan subsidiary.  JSR at 6.  Thus, the Court will also allow renewed discovery on this issue.

*Fourth*, a final merits argument remains for these parties: the PDVSA Defendants' contention that the Act of State doctrine precludes this Court's consideration of H&P's expropriation claims.  In light of the parties' agreement that, assuming the stay is lifted, the Court should allow briefing on this issue, the Court will permit it to be briefed in any

4

forthcoming motions to dismiss alongside the jurisdictional matters just discussed.

Turning to Venezuela, it asserts that its defense under the expropriation exception to the FSIA is ripe for resolution. The issue is whether § 1605(a)(3) confers jurisdiction over Venezuela when neither the expropriated property nor any property for which it has been exchanged is present in the United States in connection with commercial activity carried on in the United States by Venezuela. At the December 2021 hearing, plaintiff's counsel acknowledged that there are no allegations that property is located in the United States. See Status Conf. Hr'g Tr. at 6, 23–24 (Rough) (Dec. 13, 2021). But H&P has alluded to an alternative alter ego theory of jurisdiction, under which the expropriation exception would, in its view, still apply: If Venezuela has an alter ego relationship with an "agency or instrumentality," and the agency or instrumentality satisfies the expropriation exception's commercial-nexus requirement, then, the theory goes, both Venezuela and that instrumentality can be subject to jurisdiction.

The Court agrees that this is a pure legal issue that can be briefed and offers some guidance for the parties' arguments. In de Csepel v. Republic of Hungary ("de Csepel II"), the D.C. Circuit explained that "claims against foreign states must satisfy the first nexus requirement" of the expropriation exception, and therefore, "a foreign state retains its immunity unless the first clause of the commercial-activity nexus requirement is met." 859 F.3d 1094, 1106–07 (D.C. Cir. 2017). This Court has read de Csepel II and the FSIA to "provide two separate tests for expropriation-based jurisdiction—one for foreign states, and one for agencies and instrumentalities." Schubarth v. Federal Republic of Germany, No. 14-cv-2140 (CRC), 2021 WL 7889662, at *5 (D.D.C. Jan. 25, 2021) (Cooper, J.). In so reasoning in Schubarth, this Court rejected what appears to be the same alter ego argument that H&P seeks to press here. See

id. at *5–7.  That said, the argument was not extensively briefed in Schubarth.  Accordingly, H&P will have an opportunity to persuade the Court that its decision in Schubarth was incorrect, or that this particular case warrants a different approach.

Therefore, it is hereby

**ORDERED** that the stay in this case is partially lifted, consistent with this Order.  It is further

**ORDERED** that, on or before May 16, 2022, the PDVSA Defendants shall certify whether they have any information responsive to H&P's discovery requests in their possession, custody, or control.  If they have any responsive, non-privileged material, it should be produced in response to any relevant outstanding discovery requests.  It is further

**ORDERED** that the parties submit a joint status report on or before May 16, 2022, addressing the issues discussed herein related to potential Rule 30(b)(6) depositions as to PDVSA and/or the ad hoc board, including whether the parties were able to reach an agreement on any points.  It is further

**ORDERED** that, on or before June 13, 2022, H&P shall respond to any outstanding jurisdictional discovery requests for documents, requests for admissions, or interrogatories concerning control over, and direct rights in, Helmerich & Payne-Venezuela.  H&P shall have 30 days thereafter to produce a witness for a Rule 30(b)(6) deposition, if requested by the PDVSA Defendants.  It is further

**ORDERED** that, within fourteen days after the close of discovery (or before), the parties shall submit a proposed briefing schedule.  It is further

**ORDERED** that H&P and Venezuela shall submit a proposed briefing schedule within fourteen days of this Order for the jurisdictional issue relevant to Venezuela, discussed herein.

**SO ORDERED**.

CHRISTOPHER R. COOPER<br>
United States District Judge

Date: <u>April 14, 2022</u>