# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HELMERICH & PAYNE INTERNATIONAL DRILLING CO.,<br><br>　　　　　　　　Plaintiff,<br>vs.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA, PETRÓLEOS DE VENEZUELA, S.A., and PDVSA PETRÓLEO, S.A.,<br><br>　　　　　　　　Defendants. | Case No. 1:11-cv-01735-CRC |

## NOTICE TO THE COURT
## OF SERVICE OF CERTIFICATIONS ON OPPOSING COUNSEL

Defendants Petróleos de Venezuela, S.A., and PDVSA Petróleo, S.A. (together, the "PDVSA Defendants") submit this notice pursuant to the Court's Minute Order of June 8, 2022 (the "June 2022 Minute Order"), in which the Court inquired whether the PDVSA Defendants had provided a certification as to whether they have "any responsive, non-privileged material" in their "possession, custody, or control" pursuant to the Court's order entered on April 14, 2022 (the "April 2022 Order") [Dkt. No. 145].

The April 2022 Order directed the PDVSA Defendants to certify, by May 16, 2022, whether or not they have information in their possession, custody or control that is responsive to the discovery requests that the Plaintiff Helmerich & Payne International Drilling Co.'s ("H&P") had served on the PDVSA Defendants on November 13, 2015. The April 2022 Order did not specify whether the certification should be filed on the Court's docket.

During a meet and confer, counsel for the Plaintiff agreed to provide the PDVSA Defendants and the undersigned counsel additional time to complete the necessary review to make the certification. Accordingly, on Friday May 27, 2022, the PDVSA Defendants made the

certification in the form of two declarations and served them via e-mail on counsel for H&P and the Republic of Venezuela pursuant to the April 2022 Order.

The first certification was made by Julian Cardenas Garcia, a member of the PDVSA *ad hoc* Board, in a declaration dated May 26, 2022. A true and correct copy of that declaration is attached hereto as Exhibit A. The second certification was made by Kevin A. Meehan, an attorney for the PDVSA Defendants, in a separate declaration dated May 27, 2022. A true and correct copy of that declaration is attached hereto as Exhibit B.

In light of these declarations, the PDVSA Defendants do not believe that a Rule 30(b)(6) deposition is necessary. Nevertheless, the PDVSA Defendants understand that the Court has ordered a Rule 30(b)(6) deposition to take place in accordance with the June 2022 Minute Order. The PDVSA Defendants note that the Court expressly limited that deposition to "test such a certification and whether the ad hoc board in fact has no relevant information." June 2022 Minute Order.

The PDVSA Defendants further note that the Court stated that "a deposition of the ad hoc board strikes the Court as appropriate considering the PDVSA Defendants' prior contention that 'the Interim Government's acts, including the appointment of PDVSA's ad hoc Board, are subject to the act of state doctrine,' which is a merits defense asserted by the PDVSA Defendants." June 2022 Minute Order. The Court was referring to PDVSA's portion of the parties' Joint Status Report dated October 18, 2021, in which PDVSA explained that, as a result of the U.S. Government's recognition of the Interim Government, the validity of the Interim Government's acts, including the appointment of the *ad hoc* Board, could not be questioned by a U.S. court under the act of state doctrine. Dkt. No. 144 at 11. That is distinct from the act of state merits defense asserted by the PDVSA Defendants in their motion to dismiss at the outset of the

case on August 31, 2012, which relates to the Venezuelan government's acts with respect to the expropriation of the rigs in Venezuela. Dkt. No. 22-1 at 27-29. As the PDVSA Defendants will be arguing in its renewed motion to dismiss, the act of state doctrine prevents this Court from addressing the merits of H&P's expropriation claim.

Dated: June 15, 2022

          Respectfully submitted,

          CURTIS, MALLET-PREVOST,
          COLT & MOSLE LLP

          /s/ Joseph D. Pizzurro
          Joseph D. Pizzurro (D.C. Bar No. 468922)
          Kevin A. Meehan (D.C. Bar No. 1613059)
          1717 Pennsylvania Avenue, N.W.
          Washington, D.C. 20006
          Tel.: (202) 452-7373
          Fax: (202) 452-7333
          Email: jpizzurro@curtis.com
          Email: kmeehan@curtis.com

          *Attorneys for Defendants Petróleos de Venezuela, S.A. and PDVSA Petróleo, S.A.*

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HELMERICH & PAYNE INTERNATIONAL DRILLING CO. and HELMERICH & PAYNE DE VENEZUELA, C.A., <br><br> Plaintiffs, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, PETRÓLEOS DE VENEZUELA, S.A., and PDVSA PETRÓLEO, S.A., <br><br> Defendants. | Case No. 11-cv-01735-CRC |

### DECLARATION OF JULIAN CARDENAS GARCIA

I, JULIAN CARDENAS GARCIA, declares as follows:

1. I am a member of the *ad hoc* Board of Directors of Petróleos de Venezuela, S.A. ("PDVSA").

2. I submit this declaration pursuant to the order entered in the above-captioned action on April 14, 2022 [Dkt. No. 145] (the "April 2022 Order"), which directed Defendants PDVSA and PDVSA Petróleo (together, the "PDVSA Defendants") to certify whether or not they have information in their possession, custody or control that is responsive to the discovery requests that Plaintiff Helmerich & Payne International Drilling Co. ("H&P") served on the PDVSA Defendants on November 13, 2015 and whether the PDVSA Defendants have a witness who can testify on behalf of the PDVSA Defendants with respect to the topics contained in H&P's deposition notice.

3. As a result of the ongoing crisis in Venezuela, the PDVSA Defendants do not have access to witnesses or responsive documents in Venezuela. In 2018, former Venezuelan president Nicolás Maduro attempted to stay in power through fraudulent elections that were heavily criticized by outside observers and the U.S. government. On January 10, 2019,

Venezuela's freely and fairly elected National Assembly declared that the results of the 2018 presidential election invalid and named Juan Guaidó as Interim President of Venezuela pursuant to Article 233 of the Venezuelan Constitution.  The application of Article 233 was ratified on January 23, 2019.  The U.S. government and numerous other governments around the world have recognized the Interim Government as the sole and exclusive government of Venezuela and have derecognized the illegitimate Maduro regime.

4. On February 5, 2019, the National Assembly enacted the "Statute to Govern a Transition to Democracy to Reestablish the Full Force and Effect of the Constitution of the Bolivarian Republic of Venezuela" (the "Transition Statute") that, among other things, empowers Interim President Guaidó to appoint *ad hoc* boards of state-owned corporations, such as PDVSA.  Thereafter, Interim President Guaidó exercised his authority under the Transition Statute and the Venezuelan Constitution to appoint an independent *ad hoc* board of PDVSA.  The National Assembly then passed a special resolution ratifying those appointments.  The current members of the *ad hoc* Board are Horacio Medina, Ricardo Prada, Iván Lara and myself.

5. Despite the invalidation and nullification of Maduro's presidency by the National Assembly and the derecognition of his regime by the U.S. and other foreign governments, the Maduro regime has continued to usurp authority in Venezuela through violence and imprisoning political opponents.

6. I have carefully reviewed each of H&P's discovery requests.  The vast majority of those requests seek information concerning H&P's oil rigs and two of PDVSA's Venezuelan subsidiaries, PDVSA Servicios, S.A. ("PDVSA-S") and PDVSA Servicios Petróleros, S.A. ("PDVSA-SP").  To the extent any responsive information exists, such information would be

located in Venezuela, and the *ad hoc* Board does not have access to any such information in Venezuela.  Prior to my appointment to the ad hoc Board, I was never an employee of PDVSA or any of its subsidiaries.

   7. I have no personal knowledge of any information sought by H&P's discovery requests.  I have reviewed my files and have not found any documents that are responsive to H&P's discovery requests.  I do have copies of organization charts for PDVSA and certain of its subsidiaries as well as copies of the Official Legislative Gazette relating to appointments to the *ad hoc* Board.  While those documents do not relate to H&P's oil rigs, PDVSA-S or PDVSA-SP, they are arguably responsive to H&P's Requests for Production Nos. 5 and 8.  Accordingly, out of an abundance of caution, I provided copies of these documents to PDVSA's counsel in this case, Curtis, Mallet-Prevost, Colt & Mosle LLP ("Curtis"), to be produced to H&P.

   8. I have provided copies of H&P's discovery requests to the other members of the *ad hoc* Board.  I asked them to carefully review each of H&P's discovery requests, review their files and let me know whether or not they have any information responsive to H&P's discovery requests.  Each member of the *ad hoc* Board confirmed that they had no responsive documents and had no personal knowledge of the information requested by H&P.  While Mr. Medina was previously employed by PDVSA, his employment was terminated in 2002 and thus was not employed by PDVSA at the time of the alleged expropriation in 2010.  Mr. Prada and Mr. Lara had never been employed by PDVSA prior to their appointment to the *ad hoc* Board.

   9. Neither I nor any other member of the *ad hoc* Board have any personal knowledge of the topics listed in H&P's deposition notice and do not have access to any documents or information relating to those topics.  I understand that Curtis has produced

documents that were collected several years prior to the Interim Government's appointment of the *ad hoc* Board.  However, neither I nor any other members have any knowledge or information regarding those documents or the information contained in such documents.  The *ad hoc* Board cannot verify the authenticity of such documents or the accuracy of the information contained in those documents.  Nor can the *ad hoc* Board provide any insights on the information contained in those documents.  Accordingly, the PDVSA Defendants do not have any witnesses who can testify regarding the topic listed in H&P's deposition notice.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   May 26, 2022.

_____
Julian Cardenas Garcia

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HELMERICH & PAYNE INTERNATIONAL DRILLING CO. and HELMERICH & PAYNE DE VENEZUELA, C.A.,<br><br>Plaintiffs,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA, PETRÓLEOS DE VENEZUELA, S.A., and PDVSA PETRÓLEO, S.A.,<br><br>Defendants. | Case No. 11-cv-01735-CRC |

## DECLARATION OF KEVIN A. MEEHAN

KEVIN A. MEEHAN declares as follows:

1. I am a member of the law firm Curtis, Mallet-Prevost, Colt & Mosle LLP ("Curtis"), attorneys for Defendants Petróleos de Venezuela, S.A., and PDVSA Petróleo, S.A. (together, the "PDVSA Defendants") in the above-captioned action. I am a member of the Washington, D.C. bar (Bar No. 1613059) and admitted to practice before this Court.

2. This Court's order, dated April 14, 2022 [Dkt. No. 145] (the "April 2022 Order"), directed the PDVSA Defendants to certify whether or not they have information in their possession, custody or control that is responsive to the discovery requests that Plaintiff Helmerich & Payne International Drilling Co. ("H&P") served on the PDVSA Defendants on November 13, 2015.

3. A representative of the PDVSA Defendants will be providing a certification as directed in the Court's Order in a separate affidavit.

4. I am providing this Declaration to explain Curtis's efforts to locate and produce responsive information in its possession, custody or control.

5.  After H&P originally served their discovery requests in November 2015, Curtis, as counsel to the PDVSA Defendants, assisted in collecting and reviewing responsive documents. Most of the responsive documents in Curtis's possession, custody or control were produced over the course of several document productions in 2016.

6.  While the discovery process was still ongoing, this Court entered an order, dated June 28, 2016 [Dkt. No. 124] (the "June 2016 Order") staying the proceedings in this case in light of the Supreme Court's grant of certiorari. This Court entered an order, dated January 10, 2019 [Dkt. No. 131], lifting the stay of the proceedings and ordering the parties to move forward with jurisdictional discovery. However, shortly thereafter, on January 23, 2019, the U.S. Executive Branch recognized the Interim Government as the sole government of Venezuela and derecognized the Maduro regime. On January 28, 2019, the U.S. Treasury Department's Office on Foreign Asset Control ("OFAC") designated PDVSA as a Specially Designated National ("SDN") and thereby subjecting PDVSA and its subsidiaries to OFAC's Venezuelan sanctions regime.[1] The Maduro regime nevertheless continued to usurp power in Venezuela. On February 14, 2019, H&P moved to stay the case on the grounds that the crisis in Venezuela made it impractical to move forward with the case, in part, because it had frustrated the PDVSA Defendants' ability to respond to H&P's discovery requests. *See* Pl. Mot., Dkt. No. 132. This Court granted H&P's motion on February 15, 2019 [Dkt. No. 133], and this case remained stayed until the Court lifted the stay in its April 2022 Order.

7.  Following the U.S. government's recognition of the Interim Government and the imposition of sanctions on the PDVSA Defendants, Curtis stopped taking instructions from the Maduro aligned entities purporting to act on behalf of the PDVSA Defendants in Venezuela.

---

[1] U.S. Dept. of Treasury, Determination Pursuant to Section 1(a)(i) of Executive Order 13850 (Jan. 28, 2019), *available at* https://www.treasury.gov/resourcecenter/sanctions/Programs/Documents/vz_sector_determination_oil_20190128.pdf.

Since then, Curtis has not obtained any documents or information from those entities in Venezuela and currently has no ability to obtain any information from them.

8. Nevertheless, Curtis is in possession of some responsive documents that Curtis previously collected in the course of discovery before the case was stayed pursuant to the Court's June 2016 Order. Curtis has reviewed its electronic and hard-copy files for information that is potentially responsive to H&P's discovery requests. Curtis made an initial supplemental production of such responsive information on May 16, 2022 and a final production on May 27, 2022.

9. To the best of my knowledge and efforts, Curtis does not have any additional, non-privileged information that is responsive to H&P's discovery requests.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   May 27, 2022
               New York, New York

_____
KEVIN A. MEEHAN

-3-