# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

HELMERICH & PAYNE
INTERNATIONAL DRILLING CO.,

                  Plaintiff,

vs.

BOLIVARIAN REPUBLIC OF
VENEZUELA, PETRÓLEOS DE
VENEZUELA, S.A., and PDVSA
PETRÓLEO, S.A.,

                  Defendants.

Case No. 1:11-cv-01735-CRC

## JOINT STATUS REPORT

On April 14, 2022, the Court partially lifted the stay to allow the parties to pursue limited discovery and address certain threshold issues, including jurisdictional defenses raised by Defendants Petróleos de Venezuela, S.A. ("PDVSA"), and PDVSA Petróleo, S.A. ("PDVSA-P") (together, the "PDVSA Defendants").  Dkt. No. 145 (Apr. 14, 2022 Order).  The parties submit this joint status report to update the Court on their respective ongoing discovery efforts and to jointly propose a briefing schedule for the PDVSA Defendants' anticipated motion to dismiss.

**Background**:  On September 23, 2011, Plaintiff Helmerich & Payne International Drilling Co. (H&P)[1] filed suit against the Bolivarian Republic of Venezuela ("Venezuela"), PDVSA, and PDVSA-P (collectively "Defendants") pursuant to the Foreign Sovereign Immunities Act (FSIA), 28 § 1601 *et seq*.  (Dkt. No. 1.)  The parties subsequently stipulated (and the Court ordered) that briefing on motions to dismiss be bifurcated such that purely legal issues would be litigated in the first phase of threshold motion practice, while issues requiring

---

[1] This suit was also filed on behalf of Helmerich & Payne de Venezuela, C.A. ("H&P-V"), H&P's wholly owned subsidiary, but those claims have since been dismissed.

jurisdictional discovery would be litigated in a second phase of motion practice.  (Dkt. No. 36.)

In accordance with the bifurcation agreement, on September 20, 2013, this Court granted in part

and denied in part Defendants' motions to dismiss.  (Dkt. No. 56.)  Thereafter, the parties

appealed to the D.C. Circuit, and this Court stayed this case on August 27, 2014.  (8/27/14

Minute Entry.)

On August 12, 2015, following the D.C. Circuit's disposition of the parties' respective

appeals, this Court lifted the stay.  (8/12/15 Minute Order.)  On October 19, 2015, this Court

entered a scheduling order allowing limited jurisdictional discovery, as contemplated by the

parties' bifurcation agreement.  (Dkt. No. 77.)  In the months that followed, the parties served

various discovery requests and responses and objections, and met and conferred on various

occasions to narrow their discovery disputes.  On January 20, 2016, after the parties reached an

impasse regarding H&P's First Set of Requests for Production, H&P filed a motion to compel

discovery.[2]  (Dkt. No. 80.)  On May 13, 2016, this Court granted H&P's motion to compel,

requiring the PDVSA Defendants to produce documents and information responsive to H&P's

First Set of Requests for Production.  (Dkt. No. 113.)

Less than two months later, however, discovery was stayed again when, on June 28,

2016, the Supreme Court granted Defendants' writ of certiorari.  (Dkt. No. 124.)  Thereafter,

district court proceedings were stayed for more than two years pending the Supreme Court's

disposition of the appeal.  On December 7, 2018, this Court lifted the stay (*see* 12/7/18 Minute

Order), and on January 10, 2019, it again ordered the parties to engage in jurisdictional discovery

(*see* Dkt. No. 131).  That same day, the Venezuelan National Assembly declared the results of

---

[2] While the parties briefed H&P's motion to compel, H&P deposed Josaim Trujillo, former legal
counsel for PDVSA Servicios Petroleros, S.A., on March 23 and 24, 2016.

the 2018 presidential election invalid and named Juan Guaidó as Interim President of Venezuela pursuant to Article 233 of the Venezuelan Constitution. (Dkt. No. 149.) On January 23, 2019, the U.S. Executive Branch recognized the government of Interim President Guaidó as the sole government of Venezuela. *Id.* Thereafter, Interim President Guaidó exercised his authority under the Transition Statute and the Venezuelan Constitution to appoint an independent ad hoc board of PDVSA. *Id.* Thus, the Court stayed discovery again on February 15, 2019, due to the political situation in Venezuela, which prevented the parties from gaining access to documents and information in that country.

After a stay of more than three years, on April 14, 2022, this Court lifted the stay and again ordered the parties to engage in jurisdictional discovery. (Dkt. No. 145.) In so doing, the Court ordered the PDVSA Defendants to produce documents and information responsive to H&P's First Set of Requests for Production and to certify whether they have any documents or information responsive to such requests. *Id*. This Court also ordered H&P to respond to outstanding jurisdictional discovery requests on or before June 13, 2022, and to produce a 30(b)(6) witness within 30 days of such deadline, if requested by the PDVSA Defendants. *Id*. Further, on June 8, 2022, this Court issued a minute order permitting H&P to depose a member of the PDVSA's Ad Hoc Board under Rule 30(b)(6) of the Federal Rules of Civil Procedure. (6/8/22 Minute Order.)

**Current Status**: The parties continue to engage in jurisdictional discovery efforts in accordance with this Court's 2022 order.

*Plaintiff's Discovery Efforts*: H&P has been diligently working to collect and review relevant documents and information in its possession, custody, and control, as necessary to respond to the PDVSA Defendants' 72 requests for the production of documents. Although

H&P has faced various challenges that have made its collection and review efforts more laborious than anticipated, H&P has made (and continues to make) steady progress.

First, H&P has worked to recover and gain access to information available only on platforms and software that are outmoded and no longer in use. H&P's data platforms and software have evolved with significant changes in technology over the 11 years since the complaint was filed in this litigation. At the start of this litigation, H&P created, accessed, and stored its electronic information and documents internally, with the use of localized servers and platforms. As technology changed and the data outgrew H&P's in-house resources, H&P outsourced the collection and storage of its electronic data to a third-party digital data repository. Since that time, H&P has twice again migrated its data collection and storage functions to two additional data-repository systems. It now uses third-party services known as Microsoft Cloud and Zapproved. Given how H&P's data collection and storage processes have evolved to keep pace with technological advancements and data security expectations, it has taken substantial time, effort, and resources to retrace this history, locate and gain access to the different data repositories and to confirm that the data is still intact, accessible, and can be uploaded to a document review platform. Following this process, H&P and its counsel have reviewed large volumes of this data for responsiveness, privilege, and work product, and then produced documents to the PDVSA Defendants.

Second, H&P has encountered challenges in the collection and review of more recent documents, "through and including the present," in part due to the turnover of employees since the complaint was filed more than 11 years ago. Thus, to produce relevant documents through the present, H&P had to first identify which *current* H&P employees are involved with issues

relevant to this case, and subsequently conduct additional collections of documents to respond to the PDVSA Defendants' requests for documents.

Third, H&P's collection efforts have extended beyond ESI.  For example, H&P instructed its local counsel in Venezuela to collect any hard-copy documents that may be relevant to this litigation, including but not limited to all filings related to the ongoing expropriation proceedings commenced by Defendant PDVSA-P in Venezuelan courts.  Due to the passage of time, the political crisis in Venezuela, and ongoing COVID restrictions, it took some time for H&P's local counsel in Venezuela to gather all documents they have collected since 2010 and ship them to the United States.

Notwithstanding the above-mentioned challenges, H&P has now processed all previously collected data for key custodians across various data repositories, and is now reviewing and producing documents on a consistent, rolling basis.  It has made eight productions comprised of more than 80,500 pages; and it is in the process of reviewing thousands of additional pages to respond to the PDVSA Defendants' 72 requests for documents.  Moving forward, H&P will seek to make a production every other week and, barring unexpected challenges, expects to finalize the review by the end of January 2023.  Further, while these ESI efforts were ongoing, on October 7, 2022, H&P deposed Julian Cardenas in his capacity as the PDVSA Defendants' 30(b)(6) deponent.

_PDVSA Defendants' Discovery Efforts_:

As of the date of this status report, the PDVSA Defendants have responded to Plaintiff's discovery request as follows: PDVSA Defendants have completed their responses to Plaintiff's discovery requests.

In 2016, the PDVSA Defendants made several document productions totaling nearly 10,000 pages of responsive documents and served multiple responses to Plaintiff's interrogatories.  Plaintiff also deposed former legal counsel for PDVSA Servicios Petroleros, S.A., Josaim Trujillo for two days on March 23 and 24, 2016.

As explained above, discovery was effectively stayed between June 2016 and April 2022, when this Court lifted the stay of the proceedings.

In May 2022, the PDVSA Defendants made two additional document productions totaling over 2,500 pages of documents.  Nearly all of those documents consist of documents that were collected in the course of discovery before this case was stayed in June 2016.  (Dkt. No. 149.)

At the Court's direction, Mr. Julian Cardenas submitted a certification on behalf of PDVSA's *ad hoc* Board confirming that the *ad hoc* Board does not have any information relevant to this case aside from a small number of arguably responsive documents, such as organizational charts prepared by the *ad hoc* Board. (Dkt. No. 149.)  Those few responsive documents have been produced.   In addition, Plaintiff deposed the PDVSA Defendants' Rule 30(b)(6) designee, Mr. Cardenas, on October 7, 2022.

The PDVSA Defendants have also served discovery on Plaintiff, including document requests, interrogatories and deposition notices.  As Plaintiff explains above, discovery of Plaintiff remains ongoing.

**Proposed Schedule**:  The parties jointly propose the following schedule to brief the PDVSA Defendants' anticipated motion to dismiss on the grounds specified in this Court's Order, dated April 14, 2022 (Dkt. No. 145):

| | |
|---|---|
| H&P 30(b)(6) Deposition | 60 days from Plaintiff's last production |
| Motion to Dismiss Filing Date | 60 days from H&P 30(b)(6) Deposition |
| Opposition Filing Date | 60 days from filing of Motion to Dismiss |
| Reply Filing Date | 30 days from filing of Opposition |

The parties respectfully reserve the right to seek extensions of the deadline set forth above.

Dated:  January 19, 2023          Respectfully submitted,

WILMER CUTLER PICKERING HALE AND DORR LLP

/s/ David W. Ogden
David W. Ogden (D.C. Bar No. 375951)
David W. Bowker (D.C. Bar No. 989309)
1875 Pennsylvania Avenue, NW
Washington D.C. 20006
Tel.: (202) 663-6000
Fax: (202) 663-6363
e-mail: david.ogden@wilmerhale.com

*Attorneys for Plaintiff*

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

/s/ Joseph D. Pizzurro
Joseph D. Pizzurro, Esq. (D.C. Bar No. 468922)

Kevin A. Meehan, Esq. (D.C. Bar No. 1613059)
1717 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Tel.: (202) 452-7373
Fax: (202) 452-7333
Email: jpizzurro@curtis.com

Juan Perla, Esq. (pro hac vice)
101 Park Avenue
New York, New York 10178
Tel.: (212) 696-6000
Fax: (212) 697-1559

*Attorneys for Defendants Petróleos de
Venezuela, S.A. and PDVSA Petróleo, S.A.*