UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HELMERICH & PAYNE INTERNATIONAL DRILLING CO.,**<br><br>Plaintiff,<br><br>v.<br><br>**BOLIVARIAN REPUBLIC OF VENEZUELA, PETRÓLEOS DE VENEZUELA, S.A., and PDVSA PETRÓLEO, S.A.,**<br><br>Defendants. | Case No. 11-cv-01735 (CRC) |

## ORDER

Defendant Bolivarian Republic of Venezuela ("Venezuela") moves to dismiss the Complaint—which alleges that Venezuela and one of its instrumentalities illegally nationalized property of Plaintiff Helmerich & Payne International Drilling Company ("H&P") during the Hugo Chavez regime—for lack of subject matter jurisdiction. See Venezuela's Mot. Dismiss, ECF No. 148. The Court will grant the motion.

H&P asserts jurisdiction in this Court via the expropriation exception to the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605(a)(3). As this Court recently explained in another FSIA expropriation case:

> [T]he FSIA's expropriation exception has two clauses. The first clause grants federal courts jurisdiction over cases "in which rights in property taken in violation of international law are in issue and that property or any property exchanged for such property is *present in the United States* in connection with a commercial activity carried on in the United States *by the foreign state*." 28 U.S.C. § 1605(a)(3) (emphases added). The second clause provides jurisdiction where the expropriated "property or any property exchanged for such property is owned or operated *by an agency or instrumentality of the foreign state* and that agency or instrumentality is engaged in a commercial activity in the United States." Id. (emphasis added).

In de Csepel v. Republic of Hungary ("de Csepel II"), the D.C. Circuit clarified that these clauses provide two separate tests for expropriation-based jurisdiction—one for foreign states, and one for agencies and instrumentalities.  859 F.3d 1094, 1106-07 (D.C. Cir. 2017).  "[C]laims against foreign states must satisfy the first nexus requirement, and claims against agencies and instrumentalities must satisfy the second."  Id. at 1107.  The Circuit thus held, in categorical terms, that "a foreign state retains its immunity unless the first clause of the commercial-activity nexus requirement is met."  Id.

Schubarth v. Fed. Republic of Germany, No. 14-cv-2140 (CRC), 2021 WL 7889662, at 5 (D.D.C. Jan. 25, 2021)

H&P acknowledges that Venezuela is a "foreign state."  H&P's Opp'n at 2, ECF No. 150.  And it concedes that the property at issue here is not "present in the United States," as required to satisfy the expropriation exception's first clause.  Id.  The Court is therefore bound by the D.C. Circuit's holding in de Csepel to decline jurisdiction over Venezuela.

H&P has suggested that subject matter jurisdiction over Venezuela might exist despite de Csepel, on the theory that the defendant instrumentality was the Venezuela's "alter ego."  But the Court has previously rejected that general argument, Schubarth, 2021 WL 7889662 at 5–7, and H&P does not elaborate on it in its briefing in this case.

Accordingly, it is hereby

**ORDERED** that [148] Defendant Venezuela's Renewed Motion to Dismiss for Lack of Subject Matter Jurisdiction is **GRANTED;** it is further

**ORDERED** that the Complaint is dismissed as to Venezuela.

  **SO ORDERED.**

_____
CHRISTOPHER R. COOPER
United States District Judge

Date: January 31, 2023