UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HELMERICH & PAYNE INTERNATIONAL DRILLING CO. and HELMERICH & PAYNE DE VENEZUELA, C.A.,<br><br>Plaintiffs,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA, PETROLEOS DE VENEZUELA, S.A., and PDVSA PETROLEO, S.A.,<br><br>Defendants. | Case No. 11-cv-01735-CRC |

## DECLARATION OF KEVIN A. MEEHAN

KEVIN A. MEEHAN declares under penalty of perjury:

1. I am a partner of the law firm Curtis, Mallet-Prevost, Colt & Mosle LLP, counsel for defendants Petroleos de Venezuela, S.A. and PDVSA Petroleo (the "PDVSA Defendants") in the above-captioned action, and a member of the bar of this Court.

2. I submit this Declaration in support of the PDVSA Defendants' Renewed Motion to Dismiss the Complaint.

3. The PDVSA Defendants provided responses to Plaintiff's interrogatories in 2016 and produced 12,559 pages of documents – the bulk of which was produced in 2016.

4. On March 23 and 24, 2016, in-house counsel of PDVSA Servicios Petroleros, S.A., Josaim Trujillo Acosta, was deposed.

5. On October 7, 2022, PDVSA's Rule 30(b)(6) witness, Julian Cardenas Garcia, was deposed.

6. In 2022 and 2023, Plaintiff produced 23,200 documents, consisting of 146,196 pages in response to the PDVSA Defendants' document requests and provided responses to the PDVSA Defendants' interrogatories and requests for admission.

7. On July 14, 2023, Plaintiff's Rule 30(b)(6) witness, Director of Risk Management and Insurance at Helmerich & Payne, Inc., Stuart Spencer, was deposed.

8. Attached hereto as Exhibit 1 is a true and correct copy of Plaintiff's Responses and Objections to PDVSA Defendants' First Set of Interrogatories.

9. Attached hereto as Exhibit 2 is a true and correct copy of Plaintiff's First Supplemental Responses and Objections to PDVSA Defendants' First Set of Interrogatories.

10. Attached hereto as Exhibit 3 is a true and correct copy of Plaintiff's Second Supplemental Responses and Objections to PDVSA Defendants' First Set of Interrogatories.

11. Attached hereto as Exhibit 4 is a true and correct copy of Plaintiff's Responses and Objections to PDVSA Defendants' First Set of Requests to Admit.

12. Attached hereto as Exhibit 5 is a true and correct copy of the Second Supplemental Responses and Objections of Defendants Petróleos de Venezuela, S.A., and PDVSA Petróleo, S.A., to Plaintiffs' First Set of Interrogatories.

13. Attached hereto as Exhibit 6 is a true and accurate English translation of the document produced by Plaintiff as Bates No. H&P-IDC_00009663, which purports to be H&P-Venezuela's bylaws, followed by the Spanish original.

14. Attached hereto as Exhibit 7 is a true and correct copy of excerpts of the Annual Report for the Fiscal Year 2010 submitted by Plaintiff's parent company, Helmerich & Payne, Inc., with the SEC.

15. Attached hereto as Exhibit 8 is a true and correct copy of excerpts of the Annual Report for Fiscal Year 2013 submitted by Plaintiff's parent company, Helmerich & Payne, Inc., with the SEC.

16. Attached hereto as Exhibit 9 is a true and correct copy of the document produced by Plaintiff as Bates No. H&P-IDC_00115909, which purports to be a 2017 Statement of Work from Ernst & Young to H&P-Venezuela.

17. Attached hereto as Exhibit 10 is a true and correct copy of the document produced by Plaintiff as Bates No. H&P-IDC_00003088, which purports to be a 2011 Form 5471 filed with the Internal Revenue Service by Helmerich & Payne, Inc.

18. Attached hereto as Exhibit 11 is a true and correct copy of the document produced by Plaintiff as Bates No. H&P-IDC_00003078, which purports to be a 2012 Form 5471 filed with the Internal Revenue Service by Helmerich & Payne, Inc.

19. Attached hereto as Exhibit 12 is a true and correct copy of the document produced by Plaintiff as Bates No. H&P-IDC_00003068, which purports to be a 2013 Form 5471 filed with the Internal Revenue Service by Helmerich & Payne, Inc.

20. Attached hereto as Exhibit 13 is a true and accurate English translation of the document produced by Plaintiff as Bates No. H&P-IDC_00109737, which purports to be a 2015 Certificate of Solvency issued with respect to H&P-Venezuela, followed by the Spanish original.

21. Attached hereto as Exhibit 14 is a true and accurate English translation of the document produced by Plaintiff as Bates No. H&P-IDC_00053035, which purports to be a 2019 tax filing submitted by H&P-Venezuela to Venezuelan tax authorities, followed by the Spanish original.

22. Attached hereto as Exhibit 15 is a true and accurate English translation of the document produced by Plaintiff as Bates No. H&P-IDC_00104835, which purports to be a 2013 rental invoice for a house in Venezuela, along with a portion of the rent agreement, and an email chain discussing the house, followed by the Spanish original.

23. Attached hereto as Exhibit 16 is a true and accurate English translation of the document produced by Plaintiff as Bates No. H&P-IDC_00142754, which purports to be a 2014 invoice for rent of an office space in Venezuela along with an email chain and letter, followed by the Spanish original.

24. Attached hereto as Exhibit 17 is a true and accurate English translation of the document produced by Plaintiff as Bates No. H&P-IDC_00000512, which purports to be a March 2021 certification from an attorney representing H&P-Venezuela, followed by the Spanish original.

25. Attached hereto as Exhibit 18 is a true and accurate English translation of an excerpt of the document produced by Plaintiff as Bates No. H&P-IDC_00112006, which purports to be a 2015 invoice for health insurance policies for H&P-Venezuela employees and their dependents, followed by the Spanish original.

26. Attached hereto as Exhibit 19 is a true and accurate English translation of the document produced by Plaintiff as Bates No. HP-IDC-00069810, which purports to be an email chain discussing H&P-Venezuela's 2013-2014 financials, followed by the Spanish original.

27. Attached hereto as Exhibit 20 is a true and correct copy of the document produced by Plaintiff as Bates No. H&P-IDC_00098654, which purports to be a 2011 legal invoice from Macleod Dixon along with an email chain.

28. Attached here to as Exhibit 21 is a true and correct copy of the document produced by Plaintiff as Bates No. H&P-IDC_00003191, which purports to be a March 2017 authorization given by H&P-IDC to two individuals, allowing them represent H&P-IDC's shares and exercise the right to vote at an upcoming H&P-Venezuela Shareholder Meeting.

29. Attached hereto as Exhibit 22 is a true and accurate English translation of Código de Comercio [Commercial Code] art. 201(3) (Venez.), *translated in* Thomson Reuters, Checkpoint: RIA Worldwide Tax and Commercial Law ("Venez. Commercial Code").

30. Attached hereto as Exhibit 23 is a true and accurate English translation of Código de Comercio [Commercial Code] art. 208 (Venez.), *translated in* Thomson Reuters, Checkpoint: RIA Worldwide Tax and Commercial Law ("Venez. Commercial Code").

31. Attached hereto as Exhibit 24 is a true and correct copy of Código de Comercio [Commercial Code] art. 280 (Venez.) along with an English translation that Plaintiff H&P-IDC appended to its appellate brief in the D.C. Circuit.

32. Attached hereto as Exhibit 25 is a true and correct copy of an English translation of Decree No. 1,867, art. 3 (July 11, 2002), Official Gazette No. 37,489 (July 22, 2002) (Venez.) that Plaintiff H&P-IDC appended to its appellate brief in the D.C. Circuit.

33. Attached hereto as Exhibit 26 is a true and correct copy of an English translation of Decree No. 356 (Oct. 3, 1999), Official Gazette No. 5,390 (Oct. 22, 1999) (Venez.) that Plaintiff H&P-IDC appended to its appellate brief in the D.C. Circuit.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 10, 2023, in New York, New York.

Kevin A. Meehan